Clayton L. Everett | State Bar No. 24065212
NORRED LAW, PLLC | 515 E. Border Street | Arlington, Texas 76010
Telephone: (817) 704-3984 | clayton@norredlaw.com
Attorney for Movant

# United States Bankruptcy Court

Northern District of Texas
Fort Worth Division

| | |
|---|---|
| In re:<br>Jonathan Lee Salazar and<br>Stephanie Christine Salazar,<br><br>Debtors. | Case No. 26-42456-mxm13<br><br>Chapter 13 |

## LTP FINANCE, LLC'S OBJECTION TO CONFIRMATION OF DEBTORS' CHAPTER 13 PLAN

TO THE HONORABLE MARK X. MULLIN, UNITED STATES BANKRUPTCY JUDGE:

COMES NOW, LTP Finance, LLC ("Movant"), a secured creditor in this case and files this Objection to Confirmation of the Debtors' Chapter 13 Plan ("Plan") filed on June 25, 2026 (ECF No. 22), and in support thereof would respectfully show the Court as follows:

### JURISDICTION & VENUE

1. This United States Bankruptcy Court for the Northern District of Texas has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(L). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

### BACKGROUND

2. Movant is the holder of a note secured by a first-priority lien under Deed of Trust on the Debtors' principal residence located at 600 County Road 404, Alvarado, TX 76009 (the "Property").

3. On June 30, 2026, Movant filed its Proof of Claim (Claim No. 10) asserting a total secured debt of $61,142.49, with an itemized prepetition arrearage of $9,210.92 (consisting of $6,050.18 in past-due principal and interest, $264.20 in prepetition fees, $911.54 in escrow deficiency, and $1,985.00 in projected escrow shortage). Movant's itemized ongoing contractual monthly payment is $987.56.

4. The Debtors filed their Chapter 13 Plan on June 25, 2026 (ECF No. 22). The Plan improperly understates Movant's prepetition arrearage as $6,153.00 in Section I, Part D.(1), lists an incorrect ongoing conduit mortgage payment of $996.00 in Section I, Part D.(2), and delays commencement of prepetition arrearage cure payments until Month 6.

**MOVANT'S OBJECTION TO CONFIRMATION**

5. Confirmation should be denied because the Plan fails to cure the full amount of prepetition defaults as required by 11 U.S.C. § 1322(b)(5), misstates Movant's ongoing contractual payments, and fails to provide proper conduit treatment of post-petition mortgage payments.

**I. <u>The Plan Improperly Understates the Cure Amount</u>**

6. The Plan is not confirmable because it fails to provide for the full amount necessary to cure the mortgage arrearage.

7. Under 11 U.S.C. § 1322(b)(5), a Chapter 13 plan may provide for the curing of any default on a home mortgage claim within a reasonable time.

8. Movant's timely filed Proof of Claim (Claim No. 10), together with its Mortgage Proof of Claim Attachment, asserts a prepetition arrearage of $9,210.92 and constitutes prima facie evidence of the validity and amount of Movant's claim pursuant to Fed. R. Bankr. P. 3001(f).

9. Because the Plan understates the default by $3,057.92, it fails to comply with 11 U.S.C. § 1322(b)(5) and 11 U.S.C. § 1325(a)(1) and cannot be confirmed.

## II. The Plan Misstates the Ongoing Conduit Payment

10. Movant's Form 410A reflects that the correct ongoing contractual monthly payment (including principal, interest, and current escrow) is $987.56.

11. The Plan incorrectly schedules the post-petition conduit mortgage payment at $996.00 per month in Section I, Part D.(2). The Plan must be modified to accurately reflect Movant's itemized contractual conduit payment amount.

## III. The Plan Improperly Delays and Mischaracterizes Post-Petition Mortgage Payments

12. Section 1322(b)(5) requires that arrearages be cured within a "reasonable time."

13. The Plan does not commence regular conduit mortgage payments to Movant until September 1, 2026, and separately treats the July and August 2026 contractual mortgage installments, totaling $1,992.00 under the Plan, as a post-petition arrearage to be paid pro rata during Months 7 through 35.

14. This treatment delays payment of contractual post-petition mortgage obligations and is inconsistent with the required conduit treatment of Movant's mortgage claim. The Chapter 13 Trustee has likewise objected that the Plan violates the conduit provisions of the Standing Order.

15. Movant reserves all rights, including the right to amend these objections or to seek relief from the automatic stay in the event of default or failure to amend the Plan.

WHEREFORE, Movant respectfully requests that the Court deny confirmation of the Debtors' Chapter 13 Plan (ECF No. 22); require the Debtors to amend their Plan to provide for Movant's full prepetition arrearage of $9,210.92, the correct ongoing conduit payment of $987.56,

and proper treatment of all post-petition mortgage payments due to Movant; and grant Movant such other and further relief to which it may be entitled.

Respectfully submitted:

Norred Law, PLLC
By: /s/ Clayton L. Everett
Clayton L. Everett
Texas State Bar No. 24065212
clayton@norredlaw.com
515 E. Border Street
Arlington, Texas 76010
Telephone: (817)704-3984
Counsel for Movant

**CERTIFICATE OF SERVICE**

I hereby certify that on August 26, 2026, a true and correct copy of the above and foregoing document shall be served via electronic means, if available, otherwise by regular, first-class mail, to:

*Via CM/ECF to Counsel for Debtors: Christopher Lee, Reaves & Lee, PLLC, 8701 Bedford Euless Rd 510, Hurst, TX 76053*

*Via US Mail to Debtors: Jonathan Lee Salazar & Stephanie Christine Salazar, 600 County Road 404, Alvarado, TX 76009*

*Via CM/ECF to Chapter 13 Trustee: Pam Bassel, 860 Airport Freeway, Suite 150, Hurst, TX 76054*

*Via CM/ECF to US Trustee: United States Trustee, 1100 Commerce Street, Room 976, Dallas, TX 75202*

/s/ Clayton L. Everett
Clayton L. Everett